CLARICE J. COUNTRYMAN *vs.* GARDINER A. LESTER.

Middlesex.    May 8, 1962. — June 26, 1962.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Negligence,* Veterinarian, Cat.

Evidence in an action against a veterinarian by the owner of a Siamese cat which bit the plaintiff's hand when the defendant's hand slipped off the cat's head while he was trying to syringe its ear in his laboratory as his assistant held its hind quarters and the plaintiff held its forelegs did not warrant a finding of negligence on the part of the defendant.

TORT. Writ in the Fourth District Court of Eastern Middlesex dated November 13, 1958.

Upon removal to the Superior Court the action was tried before *Wisnioski,* J.

*Francis C. Newton, Jr.* for the defendant.
*Thomas L. Mackin* for the plaintiff.

WHITTEMORE, J. The plaintiff had a verdict in this action against a veterinarian for negligently treating the plaintiff's Siamese cat on October 28, 1958, so as to cause or permit it to bite the plaintiff's hand. The defendant excepted to the refusal to direct a verdict for him.

On the testimony of the plaintiff and her husband the jury could have found these facts: The cat had been owned by the plaintiff or her family since May, 1957, was friendly and healthy, and had never bitten anyone. The defendant had treated it twice before. The defendant examined the cat on October 28, found it had wax in its ear, at first instructed that oil be put in the ear daily for a week, and said that thereafter he would anesthetize the cat and clean the ear, but then decided to "try to do it now." The cat was placed on the drain board of the sink in the defendant's laboratory. The defendant instructed his assistant to hold the cat's hind quarters and requested the plaintiff to hold its forelegs saying that he did not care to get scratched or clawed. The plaintiff put her hands on the upper forelegs, the defendant placed his left hand on the cat's head and "fairly well covered" it. As the defendant started to syringe the ear, the cat urinated on the assistant and "within a split second the defendant's hand slipped off the cat and the cat bit the plaintiff," while the plaintiff's hands remained on the forelegs.

The defendant, in the course of a very different account of the occurrence, testified as follows: the assistant "was very capable of holding any animal that came into the office"; "I can hold onto the cat's ear and syringe the ear so no damage is going to come to her or anybody else"; while he and his assistant were at work on the cat, the plaintiff, who had come into the room, seeing the cat "a little unruly," intervened and was bitten; it "is one of the rules, not to let the cats or animals run all over the place"; after the accident he and his assistant syringed out the ear alone; he could have told the plaintiff "to get out, but he had to be diplomatic about those things, and he did not [do so]."

This evidence shows no negligence of the defendant. There is no basis for concluding that it was not good prac-

tice to have the owner of the cat hold its front legs while the assistant held its rear quarter and the defendant its head.   The defendant's preference for operating without the owner's participation, if inferable on the evidence, does not show negligence in permitting such participation.   On the plaintiff's own testimony the operation proceeded in recognition of the fact that the cat might inflict injury.   There is no basis for concluding that the cat's head became free because of any negligence of the defendant.   He did not expressly or impliedly assure that it would not come free. His testimony of his confidence in being able to restrain a cat does not show his negligence in this instance.   The plaintiff was injured by a recognized hazard of handling and inflicting pain on a cat and there is no basis for concluding that in good practice the risk should or could have been prevented.

It is unnecessary to consider the other exceptions.

*Exceptions sustained.*
*Judgment for the defendant.*